959 F.2d 230
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Carmen Y. Torres MONTERO, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 91-2222.
 United States Court of Appeals,
First Circuit.
 April 1, 1992
 
 Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for appellant.
 Daniel F. Lopez Romo, United States Attorney, Jose Vazquez Garcia, Assistant United States Attorney, and Robert M. Peckrill, Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee.
 Before Torruella, Circuit Judge, Campbell, Senior Circuit Judge, and Selya, Circuit Judge.
 Per Curiam.
 
 
 1
 We have reviewed the parties' briefs and the record on appeal. We affirm the judgment of the district court, dated October 21, 1991, essentially for the reasons stated in the decision of the administrative law judge (ALJ) dated May 31, 1988. We add the following comments.
 
 
 2
 The claimant contends that the ALJ disregarded the February 24, 1988 order of the Appeals Council, remanding this case for a new decision, by failing to have a vocational expert (VE) testify at the second hearing. Further, the claimant contends that the ALJ failed to comply with the remand order by not fully evaluating the psychiatric evidence. We reject both contentions.
 
 
 3
 The Appeals Council vacated the ALJ's first decision because it had concluded that the claimant did not have a severe impairment without explaining why it rejected reports showing severe functional limitations. The Appeals Council remanded for a new decision "with a clearly articulated rationale for finding any and all medical reports or opinions of record persuasive or not persuasive." Record at p. 333. The ALJ provided that in his second decision. Record at pp. 15-18. And, contrary to the claimant's intimation, the Appeals Council did not direct the ALJ to solicit further testimony from a vocational expert. Rather, the necessity of such further testimony was left to the discretion of the ALJ. Record at p. 333. We find no abuse of discretion in the ALJ's decision not to require more VE testimony. We note also that claimant's counsel at the second hearing neither requested additional VE testimony, nor objected to the absence of same.
 
 
 4
 Lastly, the claimant's complaints about the ALJ's alleged failure to comply with the Appeals Council's remand order are particularly unpersuasive in light of the fact that the Appeals Council denied the claimant's request for review of the new decision. Obviously, the Appeals Council, itself, found the new decision in compliance with its earlier remand order.
 
 
 5
 Affirmed.